IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CEBRIAN OMAR SIMS,

                Petitioner,                OPINION AND ORDER

v.

                                                                           18-cv-408-wmc

LOUIS WILLIAMS,

                Respondent.

---

Petitioner Cebrian Omar Sims, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks post-conviction relief under 28 U.S.C. § 2241, from his 15-year sentence in 2014 for felon in possession of a firearm by the U.S. District Court for the District of Minnesota. In particular, after the United States Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Sims hopes to challenge a determination that he was an "Armed Career Criminal" within the meaning of 18 U.S.C. § 924(e), based on five previous Minnesota state law convictions -- four in 2007 for second-degree burglary and one in 2010 for first-degree burglary. His petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to petitions for collateral review purported to be brought under § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, the court must dismiss the petition if it plainly appears that petitioner is not entitled to relief. Otherwise, the court must order respondent to file an answer. Since Sims is not entitled to proceed under § 2241, the court will dismiss his petition.

1

OPINION

Sims argues that his enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e), constitutes a miscarriage of justice in light of the Supreme Court's decision in *Mathis*, which held that past conviction counts as a predicate crime under § 924(e)(1) only "if its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2248. As defined by Minnesota law, Sims specifically argues that his predicate offenses for second-degree burglary and first-degree burglary do not constitute predicates for the ACCA enhancement.

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district court where he was convicted. *Unthank v. Jett*, 549 F.3d 534, 534-35 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). If he already filed a § 2255 motion in the past, a petitioner faces a second hurdle, which only allows a court to grant relief under § 2241 if he can satisfy the mandates of the "savings clause" under § 2255(e) by showing that the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." *Kramer*, 347 F.3d at 217; *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). More specifically, to satisfy this savings clause, a prisoner must show three things: (1) he is relying on a new statutory-interpretation case, rather than a constitutional case; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks

2

omitted); *see also Light v. Caraway*, 761 F.3d 809, 812-13 (7th Cir. 2014); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *United States v. Prevatte*, 300 F.3d 792, 799-800 (7th Cir. 2002).

While the court will accept for purposes of screening that Sims' petition may satisfy the first and third elements of the savings clause in § 2255(e), unfortunately, his petition falters at the second element because he could have raised his challenge in a motion under § 2255, at least as that element has been defined by the Seventh Circuit. In particular, that court has repeatedly held a prisoner may not show that a § 2255 motion is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). *Unthank*, 549 F.3d at 535-36 (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); *Morales v. Bezy*, 499 F.3d 668, 672, (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.").

Indeed, in this case, Sims never filed a § 2255 motion in the District of Minnesota, and at least had the ability to assert his *Mathis* argument in such a motion. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (government conceded petitioner citing *Mathis* "would prevail in an initial collateral attack," while arguing that petitioner was not entitled to relief in *second* § 2255 proceeding). Worse still, such a motion would now be dismissed as untimely, since *Mathis* was decided in 2016, and he did not file a § 2255 motion until May 29, 2018, well beyond the applicable one-year deadline to file. *See*

3

§ 2255(f)(3) (applying a one-year statute of limitations from the date on which the right asserted was initially recognized by the Supreme Court, if that right was made retroactively applicable to cases on collateral review). Finally, the Seventh Circuit has specifically held that a petitioner's failure to file a § 2255 motion timely does *not* make that remedy inadequate or ineffective. *Morales*, 499 F.3d at 672.

Accordingly, since Sims' request for relief does not fall under the savings clause of § 2255(e), his petition must be dismissed.

## ORDER

IT IS ORDERED that:

1. Petitioner Cebrian Omar Sims' petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to close this case.

Entered this 23rd day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge